■ In the Matter of FRED GUNZBURG et al., as Stockholders of Art-Lloyd Metal Products Corp., Appellants, v ARTHUR GUNZBURG et al., Respon-

dents. (Proceeding No. 1.) In the Matter of ARTHUR GUNZBURG, Respondent, v FRED GUNZBURG et al., Appellants. (Proceeding No. 2.)—In consolidated proceedings to determine the validity of the election of corporate directors and their subsequent election of corporate officers, the appeal is from an order of the Supreme Court, Kings County, dated November 21, 1979, which, *inter alia,* confirmed the elections. Order affirmed, with $50 costs and disbursements. The instant proceedings seek, *inter alia,* a determination of the propriety of a corporate election held in disregard of the purported corporate president's unilateral adjournment at the request of the inspector of elections. It was the intention of the inspector to hold hearings at a later date in order to resolve various proxy challenges. The initial question presented by this appeal concerns the nature and extent of the authority of an inspector of elections under section 611 of the Business Corporation Law. That section, in granting the inspector of elections the authority to determine all challenges in connection with the right to vote, is silent as to the extent of his power. Under prior decisional law, the inspector's position was exclusively ministerial and his power limited to the resolution of challenges with respect to the facial validity of a proxy. *(Matter of Cecil,* 36 How Prac 477, 478.) Whether the Legislature, in enacting section 611 of the Business Corporation Law, intended to grant the inspector broader powers or merely to codify those ministerial duties devolved through decisional law is an issue of first impression upon which the various treatises disagree. (See Aranow & Einhorn, Proxy Contests for Corporate Control [2d ed], pp 408-409; contra, 2 White, New York Corporations [13th ed], par 611.01.) This issue need not be resolved in the present case, for regardless of which challenges now may properly be heard by an inspector of elections, it is nowhere suggested that he possesses the authority to hold elections in abeyance pending a hearing at which sworn testimony will be taken. The function of the inspector is to facilitate, not delay, the election process and to provide preliminary resolution of disputes which might otherwise deadlock the election. Even the Aranow and Einhorn text (pp 408-409), which supports the position that the inspector has been granted authority beyond the former ministerial duties, suggests that the parties be prepared, *at the time of the election,* to present proof to support their respective positions. Moreover, section 619 of the Business Corporation Law specifically requires the court, upon the petition of an aggrieved shareholder, to hear proofs and allegations in order to confirm or overturn an election. To grant concurrent power to the inspector of elections would create unnecessary duplication of effort and be counterproductive to the function which the inspector is to serve. Thus, whatever challenges the inspector may entertain must be resolved at the time of the election, with more extensive challenges relegated to the authority of the reviewing court. Consequently, we conclude that the inspector's decision to hold determination of the challenges in abeyance in the present case was an abuse of authority. Moreover, the action of the purported president in unilaterally adjourning the meeting over protest was similarly unauthorized. (See *Matter of Dollinger v Dollinger Corp.,* 51 Misc 2d 802.) Faced with the unauthorized adjournment, respondents were justified in continuing with the election, thus leaving determination of the challenges for judicial review. (See *Matter of Dollinger v Dollinger Corp., supra.)* Although it may have been more proper for Special Term to have decided all of the issues in one order, thus avoiding piecemeal appeals, its preliminary confirmation of the election determining that the proxies had been facially valid was not improper. Since these questions involved facts not in dispute, a hearing at that point was unnecessary. We have considered appellants'

other contentions and find them to be without merit. Mangano, J. P., Rabin, Gulotta and Margett, JJ., concur. [101 Misc 2d 896.]